UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY TERRELL HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-2576-NCC |
| ) | |
| ST. LOUIS CITY POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Larry Terrell Howard, registration number 340844, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes. *See Howard v. Missouri Department of Corrections*, Case No. 4:17-cv-2575-DDN (E.D. Mo. Nov. 3, 2017); *Howard v. St. Louis County Justice Center*, Case No. 4:17-cv-2577-ACL (E.D. Mo. Oct. 18, 2017); *Howard v. Miller*, Case No. 4:17-cv-2579-RLW (E.D. Mo. Nov. 13, 2017). Therefore, he may proceed in forma pauperis in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, plaintiff alleges that he was taken into custody and questioned by two detectives, who "violated [his] civil rights to a phone call." (Docket No. 1 at 5). He also claims the detectives attempted to bribe him by offering him a cigarette and a soda, and also that they used a hostile tone when speaking, noted that he had a lot of charges on his record and threatened to send him to prison, and said they would get the judge to give him probation. He seeks monetary damages in the amount of $250,000.00.

An inmate subject to § 1915(g) is only eligible to proceed in forma pauperis if he is in imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past harm are "insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* In this case, plaintiff alleges only past harm. The Court will therefore deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.

An Order of Dismissal will be filed separately.

Dated this 15th day of December, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE